## CONSOLIDATED AMUSEMENT CO. v. MOMAND et al.

No. 20508. Opinion Filed Sept. 20, 1932.

Clarence Robison, for plaintiff in error.

Waldrep, Haight & Winterringer, for defendants in error.

LESTER, C. J. The parties to this suit appear in the same order as in the court below. The plaintiff brought suit against the defendants for money alleged to be due on a contract. At the trial of said cause, and after the plaintiff had introduced its evidence and rested, the defendants demurred thereto and the court sustained the demurrer and rendered judgment in favor of the defendants, and from said judgment the plaintiff appealed.

The record discloses that certain letters and telegrams passed between the parties relating to the alleged contract involved herein. The plaintiff was engaged in offering shows and attractions to the public and contracted engagements for different shows with show houses. While so engaged in said business, they received a letter from the defendants in reference to furnishing certain of the defendants' show houses with an attraction under the title of "Josephine Barlow Revue." The only question presented is whether or not the telegrams and letters that passed between the plaintiff and defendants constituted a contract that was binding on the defendants for an exhibition that was concluded at Bartlesville, Okla.

It appears that it was necessary for the plaintiff to arrange certain dates and itinerary for said attraction in Oklahoma. During said negotiations, the defendants sent a telegram to plaintiff which read as follows:

"Shawnee Oklahoma

"Consolidated Amusement Co.

"146 Lee Bldg Kansas City Mo.

"OK Pawhuska positively commencing matinee Sunday week Nov fifteenth Bartlesville week Nov twenty second Shawnee option additional good time.

"A. B. Momand"

Plaintiff replied to said telegram, in part, as follows:

"Also advise if you control the house in Pawhuska, and in Bartlesville, or shall we send contracts direct to those towns?"

The defendants in answer to the above inquiry said:

"Replying to your letter dated November 5, we own the Jackson Theatre in Pawhuska, but book the Liberty Theatre in Bartlesville on arrangement with the owner, Miss B. L. Cutler, therefore ask you to send contracts to our home office, Shawnee, Oklahoma."

It appears that when the plaintiff inquired of the defendants if they controlled the show house at Bartlesville, and the defendants replied that the plaintiff would make arrangements with the owner there, it was notice to the plaintiff that they should conduct their contractual relations for the booking of the show with the owner of the show house at Bartlesville. In our judgment, the telegrams and correspondence between the plaintiff and defendants were not sufficient to show a contract that was binding upon the defendants for the payment of the exhibition that was shown at Bartlesville.

Judgment affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. ANDREWS, J., absent.